# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY, L.P., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 2:15-cv-2595-SHM-cgc |
| v. | ) ) | |
| IRVIN BRYAN LAFAYETTE, EDDIE D. DANLEY, EMANUEL LAFFAYETTE, MARCUS S. HALL, JOHN DOES 1-2, and JANE DOES 1-20, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Before the Court is Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P.'s (collectively, "Plaintiffs") request for actual and treble damages under the Lanham Act. (See ECF Nos. 47-1, 49-50.)[1] In its June 22, 2018 Order, the Court deferred ruling on that request until Plaintiffs provided sufficient support. (ECF No. 48.) Plaintiffs filed additional support on July 6, 2018. (ECF Nos. 49-50.)

---

[1] The Court must also determine the appropriate amount of punitive damages. The Court granted Plaintiffs' request for punitive damages in its June 22, 2018 Order, but did not determine the amount. (ECF No. 48.)

For the following reasons, Plaintiffs' request for actual damages under the Lanham Act is GRANTED. Plaintiffs are entitled to actual damages in the amount of $491,867.02. Plaintiffs' request for treble damages under the Lanham Act is GRANTED. Plaintiffs are entitled to treble damages in the amount of $1,475,601.06. Plaintiffs are entitled to $983,734.04 in punitive damages.

## I. Background

On June 22, 2018, the Court entered an Order granting in part and denying in part Plaintiffs' Motion for Default Judgment and Permanent Injunction against Defendants Irvin Bryan Lafayette, Eddie D. Danley, Emanuel Lamont Lafayette, and Marcus S. Hall. (ECF No. 48.) A more complete background can be found in that Order.

The Court denied default judgment as to Defendants Emanuel Lafayette and Marcus S. Hall. (Id. at 518, 521.)[2] Default judgment was granted as to Defendants Irvin Lafayette and Eddie Danley on multiple claims. (See generally, id.) The Court granted permanent injunctive relief, enforceable against Defendants Irvin Lafayette and Eddie Danley. (Id. at 549.) Plaintiffs' request for punitive damages was also granted.

---

[2] Unless otherwise noted, citations to the record refer to the "PageID" number.

(Id. at 554.) The Court deferred ruling on Plaintiffs' request for actual and treble damages until they had supplied sufficient support for their damages. (Id. at 551 & n.6.)

**II. Analysis**

**A. Actual Damages**

Plaintiffs seek $491,867.02 in actual damages under the Lanham Act. (ECF No. 47-1 at 496; ECF Nos. 49-50.)

Under the Lanham Act, a prevailing plaintiff on a trademark infringement claim "shall be entitled, . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). "The court shall assess such profits and damages or cause the same to be assessed under its direction." Id.

> "The general proof and measure of damages in a trademark action is governed by the law of damages of tort actions." Broan Mfg. Co., Inc. v. Assoc. Distrib., Inc., 923 F.2d 1232, 1235 (6th Cir. 1991). "Under general tort principles . . . the infringer/tortfeasor is liable for all injuries caused to plaintiff by the wrongful act, whether or not actually anticipated or contemplated by the defendant when it performed the acts of infringement." Id. (citation and internal quotation marks omitted). "[D]amages are not permitted which are remote and speculative in nature." Id. (citation and internal quotation marks omitted). "[I]n trademark cases courts draw a sharp distinction between proof of the fact of damage and proof of the amount of damage." Id. Thus, "[t]he plaintiff is held to a lower standard of

3

> proof in ascertaining the exact amount of damages," and, "'[o]nce the existence of damages has been shown, all that an award . . . requires is substantial evidence in the record to permit a factfinder to draw reasonable inferences and make a fair and reasonable assessment of the amount of damages.'" Chain, L.P. v. Tropodyne Corp., Nos. 99–6268/6269, 238 F.3d 421, 2000 WL 1888719, at *4 (6th Cir. Dec.20, 2000) (unpublished table decision) (quoting Broan Mfg. Co., 923 F.2d at 1236).

La Quinta Corp. v. Heartland Properties LLC, 603 F.3d 327, 342 (6th Cir. 2010) (alternations in original). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).

Plaintiffs' support for their damages includes the declaration of Clint Breithaupt, a Manager in the Fraud Management Department of Sprint Corporation. (Decl. Breithaupt, ECF No. 50.)_ Breithaupt represents that Defendants acquired "251 accessories," "423 feature phones," and "646 smart phones," amounting to a $491,867.02 loss to Plaintiffs. (Id. ¶¶ 7-8.) Breithaupt provides "a table outlining each phone that Defendants fraudulently obtained from Sprint," identified by a "Billing Account Number ('BAN')" and "Electronic Serial Number ('ESN')." (Id. ¶¶ 9.)

Plaintiffs' evidence demonstrates that it sustained actual damages in the amount of $491,867.02. Plaintiffs' request for actual damages in that amount under the Lanham Act is GRANTED.

**B. Treble Damages**

Plaintiffs request treble damages of $1,475,601.06 under the Lanham Act. (See ECF No. 47-1 at 497; ECF No. 49.)

In assessing damages for violations under § 1114(1)(a) of the Lanham Act, the court shall award treble damages for intentional violations "unless the court finds extenuating circumstances." 15 U.S.C. § 1117(b). The Sixth Circuit has not defined what constitutes "extenuating circumstances" under § 1117(b). Courts outside this circuit have found that "[e]xtenuating circumstances will be present only in 'a rare case,' such as in the case of 'an unsophisticated individual, operating on a small scale, for whom the imposition of treble damages would mean that he or she would be unable to support his or her family.'" Tiffany & Co. v. Costco Wholesale Corp., 274 F. Supp. 3d 216, 225 (S.D.N.Y. 2017) (quoting Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc., 628 F.Supp.2d 312, 325 (E.D.N.Y. 2009)); accord Microsoft Corp. v. CMOS Techs., Inc., 872 F. Supp. 1329, 1339 (D.N.J. 1994); Zerorez Franchising Sys., Inc. v. Distinctive Cleaning, Inc.,

No. CV 13-2326 ADM/BRT, 2016 WL 2637801, at *6 n.5 (D. Minn. May 6, 2016).

In its June 22, 2018 Order, the Court found Defendants Irvin Lafayette and Eddie Danley intentionally liable for trademark infringement under § 1114(1)(a) of the Lanham Act. (ECF No. 48 at 537.) There are no extenuating circumstances in the record.

Plaintiffs' request for treble damages is GRANTED. Plaintiffs are entitled to treble damages in the amount of $1,475,601.06.

**C. Punitive Damages**

Once a court determines that a defendant is liable for punitive damages, it must, to the extent relevant, consider the factors outlined by the Tennessee Supreme Court in <u>Hodges v. S.C. Toof & Co.</u>, 833 S.W.2d 896 (Tenn. 1992),[3] in assessing the

---

[3] The factors are:
  (1) The defendant's financial affairs, financial condition, and net worth;
  (2) The nature and reprehensibility of defendant's wrongdoing, for example
  (A) The impact of defendant's conduct on the plaintiff, or
  (B) The relationship of defendant to plaintiff;
  (3) The defendant's awareness of the amount of harm being caused and defendant's motivation in causing the harm;
  (4) The duration of defendant's misconduct and whether defendant attempted to conceal the conduct;
  (5) The expense plaintiff has borne in the attempt to recover the losses;
  (6) Whether defendant profited from the activity, and if defendant did profit, whether the punitive award should be in excess of the profit in order to deter similar future behavior;

amount of punitive damages.  Id. at 901; Coffey v. Fayette Tubular Prods., 929 S.W.2d 326, 328 (Tenn. 1996).  The purpose of punitive is to punish the wrongdoer and to deter the wrongful conduct.  Coffey, 929 S.W.2d at 328 (citing Huckeby v. Spangler, 563 S.W.2d 555, 558-59 (Tenn. 1978)).  Punitive damages may not exceed double compensatory damages or $500,000, whichever is greater.  T.C.A. § 29-39-104.

In its June 22, 2018 Order, the Court granted Plaintiffs' request for punitive damages.  (ECF No. 48 at 554.) Considering the Hodges factors and based on the deceitful, willful, malicious, and intentional conduct by which Defendants secured the devices and profited from their resale, the Court finds that an award of punitive damages in the amount of $983,734.04 -- double the amount of Plaintiffs' actual damages -- is warranted and appropriate in this case.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' request for actual damages under the Lanham Act is GRANTED.  Plaintiffs are

---

(7) Whether, and the extent to which, defendant has been subjected to previous punitive damage awards based upon the same wrongful act;
(8) Whether, once the misconduct became known to defendant, defendant took remedial action or attempted to make amends by offering a prompt and fair settlement for actual harm caused; and
(9) Any other circumstances shown by the evidence that bear on determining the proper amount of the punitive award.
Hodges, 833 S.W.2d at 901-02.

entitled to actual damages in the amount of $491,867.02.
Plaintiffs' request for treble damages under Lanham Act is
GRANTED. Plaintiffs are entitled to treble damages in the
amount of $1,475,601.06. Plaintiffs are entitled to
$983,734.04 in punitive damages. For all of which let judgment
enter.

So ordered this 10th day of July, 2018.

                                */s/ Samuel H. Mays, Jr.*
                                SAMUEL H. MAYS, JR.
                                UNITED STATES DISTRICT COURT JUDGE